UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-00078-CRS-CHL

JERARD GARRETT                                                    PETITIONER

v.

LAURA PLAPPERT, *Warden*                                       RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *pro se* Petitioner Jerard Garrett's Objections, DN 22, to the Magistrate Judge's Report and Recommendation (R&R), DN 21. Garrett filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, DN 1. The Petition was referred to Magistrate Judge Colin Lindsay who issued an R&R. The R&R recommends that the Petition be denied. For the reasons set forth below, the Court will overrule Garrett's Objections and adopt the R&R in its entirety as the opinion of the Court.

## BACKGROUND

Garrett was convicted of murder, first degree robbery, first degree wanton endangerment, and third degree terroristic threatening after a 2016 trial. Judgment, DN 15-2. He was sentenced to life in prison without the possibility of parole for twenty-five years. *Id*. The Kentucky Supreme Court affirmed his conviction upon direct appeal. *See Garrett v. Commonwealth*, 534 S.W. 3d 217 (Ky. 2017). Then, after filing a motion to modify his sentence pursuant to Kentucky Rule of Criminal Procedure 11.42, the Jefferson Circuit Court denied that motion and the Kentucky Court of Appeals affirmed. *Garrett v. Commonwealth*, No. 2022-CA-0410-MR, 2023 WL 7931125 (Ky. App. Nov. 17, 2023).

**A. Garrett's Petition**

Garrett filed the instant Petition for Writ of Habeas Corpus on Feb 5, 2024. Petition, DN 1. In it, he set forth nine grounds for relief: (1) the trial court erred by admitting expert witness testimony when it permitted Leah Collier to testify that "bullets found at both murders were fired from the same firearm to the exclusion of all firearms because the premises and methods of individualization are no longer reliable" (*Id*. at PageID# 8); (2) the trial court erred in denying Garrett's motion for separate trials, which were "necessary to avoid [p]rejudice" (*Id*. at PageID# 10); (3) the trial court erred in permitting two witnesses—Jamie Quisenberry and Charles Young— to make in-court identifications of Garrett because those identifications were "unduly suggestive" and "unreliable"; (*Id*. at PageID# 11-12); (4) the trial court erred in permitting a witness to "bolster his own testimony" (*Id*. at PageID# 14); (5) the trial court erred in permitting the prosecution to impeach a witness with a CourtNet record (*Id*. at PageID# 16); (6) Garrett "requests reversal under [the] cumulative error" doctrine (*Id*.); (7) Garrett's post-conviction counsel provided ineffective assistance when they failed to challenge post-evidentiary hearing findings (*Id*. at PageID# 17); (8) the prosecutor improperly "took [a] video home and enlarged it to make it easier to view as a PowerPoint presentation" (*Id*. at PageID# 18); and (9) Garrett's trial counsel provided ineffective assistance when they "failed to interview and subpoena witnesses to support his defense" (*Id*. at PageID# 19). The Court referred the matter to Magistrate Judge Lindsay, who issued a thorough R&R on October 29, 2025. R&R, DN 21.

**B. Magistrate Judge Lindsay's R&R**

Magistrate Judge Lindsay recommended denial of Garrett's Petition. In doing so, he made the following conclusions of law in the R&R. First, Magistrate Judge Lindsay combined Grounds One, Three, Four, and Five together as a group of evidentiary rulings. He concluded that those

2

grounds all lacked merit. He reasoned that as state court evidentiary rulings the Court may not grant habeas relief without Garrett having identified Supreme Court authority to support his specific alleged constitutional violations, which he did not do. *Id*. at PageID# 572-84.

Second, Magistrate Judge Lindsay concluded that Garrett's Ground Three claim regarding witness Charles Young was procedurally defaulted for failing to raise this substantive claim[1] to the state court. *Id*. at PageID# 578-79. He concluded the same as to Garrett's Ground Eight prosecutorial misconduct claim. *Id*. at PageID# 588.

Third, Magistrate Judge Lindsay concluded that Grounds Two, Six, and Seven were not cognizable. He concluded Garrett's Ground Two claim was outside the scope of federal habeas review because Garrett's claim that the trial court erred in denying his motion for separate trials presented an issue of state, not federal, law. *Id*. at PageID# 585-87. Next, he concluded that Garrett's Ground Six cumulative error claim was not cognizable because there is no clearly established law, as determined by the Supreme Court, that requires its application. *Id*. at PageID# 587. Moreover, he explained that the Sixth Circuit expressly held that the cumulative error rule does not apply in habeas corpus. *Id*. (citing *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011)). Then, as to Garrett's Ground Seven post-conviction ineffective counsel claim, Magistrate Judge Lindsay concluded that section 2254(i) does not provide for relief regarding ineffective assistance of counsel during post-conviction proceedings. *Id*. at PageID# 587-88.

And finally, as to Garrett's Ground Nine ineffective assistance of counsel claim, Magistrate Judge Lindsay concluded that Garrett was not deprived of effective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). *Id*. at PageID# 590-91. As a result, he

---

[1] Garrett only raised a claim of ineffective assistance of counsel claim in his RCr 11.42 motion.

recommended denial of the Petition as well as denial of a certificate of appealability as to all claims.

## C. Garrett's Objections

Garrett filed Objections to the R&R.[2] Objections, DN 22 at PageID# 597-99. None of these objections identifies any error of fact or law made by Magistrate Judge Lindsay in the R&R.

His first four objections raise the same arguments as those in his original Petition: first, as to Ground Three, he argues that the trial court erred by permitting two in-court witness identifications to be used against him because "fewer situations could have been more suggestive than sitting behind the desk with counsel during trial . . . not one time but two"[3] (*Id*. at PageID# 599); second, as to Ground one, that the trial court erred by admitting expert witness testimony "which made it seem as if metallurgy tests were sufficient to show that all bullets involved came from the same gun" (*Id*.); third, as to Ground Eight, that the trial court erred by permitting the prosecutor to "remove, and alter [video] evidence that was used to identify petitioner" (*Id*.); and fourth, the Court construes an objection as to Ground Six that the cumulative error rule should apply—"once said errors begin accumulating . . . they deprive a person of their rights to due process . . . then relief should be warranted via habeas corpus" (*Id*. at PageID# 597).

Garrett also raises a new argument. In it, he claims that "all of the issues presented in [Grounds One, Three, Four, and Five] fall under the direct purview of both the 5th and 14th amendments" and cites two Sixth Circuit cases as support. *Id*. at PageID# 598 (citing *Stewart v. Winn*, 967 F.3d 534 (6th Cir. 2020), *Moreland v. Bradshaw*, 699 F.3d 908 (6th Cir. 2012)).

---

[2] Garrett filed his Objections at the same time as his belated motion requesting an extension of time. Motion, DN 24. The Court granted his motion regarding the extension of time. Order, DN 25. Accordingly, the Court deems Garrett's Objections to be timely filed.

[3] To the extent that Garrett objects to Ground Three, he does not address Magistrate Judge Lindsay's conclusion that his claim as to witness Charles Young is procedurally defaulted.

Garrett also objects to the recommendation that his certificate of appealability be denied for all claims. *Id*.

## ANALYSIS

The district court reviews *de novo* of any part of a magistrate judge's report that has been properly objected to. 28 U.S.C. § 636(b)(1). Objections must be specific and focus the district court's attention on specific factual or legal issues within the R&R for consideration. *Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections that only dispute the Magistrate Judge's recommendations without specifying the findings believed to be in error do not meet the specificity requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006); *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Arguments raised for the first time in objections to the R&R are not permitted. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Garrett has failed to raise any objections that would invoke *de novo* review. First, Garrett raises the same arguments that he brought in his Petition as to Grounds One, Three, Six, and Eight. He fails to identify any specific legal or factual error in the Magistrate Judge's conclusions and instead attempts to relitigate issues that were already properly considered in the R&R. Accordingly, these arguments are not considered specific objections that would trigger *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("Any such failure to file specific objections releases the Court from its duty to independently review those issues."). The Sixth Circuit explained that "[this] duplication of time and effort wastes judicial resources rather than saving

5

them, and runs contrary to the purpose of the Magistrates Act." *Howard*, 932 F.2d at 509. Accordingly, Garrett's first four objections are denied.

Garrett's fifth objection regarding the group of evidentiary rulings—Grounds One, Three, Four, and Five—also fails. In his Objections, Garrett contends that these issues constitute due process violations entitling him to habeas relief. Objections, DN 22 at PageID# 598. He presents two Sixth Circuit cases "where these same grounds have been previously litigated." *Id*. But he raises this argument for the first time here in his Objections. And because new arguments are not permitted to be raised at the district court without first being presented to the Magistrate Judge, the Court will deny Garrett's fifth objection. *See Murr*, 200 F.3d at 902-03; *see also Ward v. United States*, 208 F.3d 216 (6th Cir. 2000).

Even if the Court were to consider Garrett's fifth objection, relief would not be warranted. Habeas relief is warranted when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As to whether a federal law is clearly established, the Sixth Circuit has held that "a habeas petitioner's challenge to an 'evidentiary ruling' cannot satisfy § 2254(d)(1) unless he identifies 'a Supreme Court case establishing a due process right with regard to [the] specific kind of evidence' at issue." *Stewart v. Winn*, 967 F.3d 534, 538 (6th Cir. 2020) (quoting *Moreland*, 699 F.3d at 923). Here, Garrett identifies no Supreme Court case to support his claims, let alone one with a holding that establishes a due process right regarding the specific kind of evidence he challenges. Rather, he cites two Sixth Circuit cases, which do not constitute clearly established federal law as determined by the Supreme Court. *See Lopez v. Smith*, 574 U.S. 1, 6 (2014) (clearly established Federal law is "determined by this Court, not by the courts of appeals"). Thus, his argument fails.

Next, the Court will adopt the findings of fact and conclusions of law regarding the grounds in the R&R to which Garrett did not object. Because Garrett did not object to Grounds Two, Seven, or Nine, the Court need not conduct a *de novo* review of the report regarding these grounds. *See Thomas*, 474 U.S. at 150 (A district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Finally, Garrett objects to Magistrate Lindsay's recommendation that a certificate of appealability ("COA") should be denied as to all claims. Objections, DN 22 at PageID# 598. A COA may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing will depend on whether the Court rejects claims on review of the merits or procedural grounds. *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In the former case, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. When the Court rejects claims on procedural grounds the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Two of Garrett's claims are procedurally barred—Garrett's Ground Eight prosecutorial misconduct claim and Ground Three witness identification claim regarding witness Charles Young. Garrett did not raise either allegation during his state court proceedings or show cause and prejudice to excuse this default. Thus, no jurist of reason would debate this Court's finding that these claims are procedurally defaulted. *Id*. (citing *Buck v. Davis*, 580 U.S. 100, 122 (2017) ("no reasonable jurist could conclude that relief should have been granted on a procedurally barred claim")). The Court has previously addressed the merits of Garrett's remaining claims. Those

claims are either not cognizable on federal habeas review or that the state court's decisions were not contrary to, or involved an unreasonable application of, clearly established federal law. As a result, no reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484. Therefore, the Court will adopt the R&R on this issue and deny Garrett a COA.

## CONCLUSION

For the reasons stated above and after careful review, **IT IS HEREBY ORDERED** that Petitioner Jerard Garrett's Objections [**DN 22**] are **OVERRULED** and that the Report and Recommendations of United States Magistrate Judge Colin H. Lindsay [**DN 21**] is **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Garrett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [**DN 1**] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Moreover, the Court certifies that an appeal from this decision could not be taken in good faith. A separate Judgment shall issue.

**IT IS SO ORDERED.**

June 23, 2026

Charles R. Simpson III, Senior Judge
United States District Court

cc: Jerard Garrett, *pro se*

8